# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| EDWARD HUDAK, | ) |
| Petitioner, | ) |
|  | ) |
| vs. | ) Civil Action No. 13-259 |
|  | ) Judge Cathy Bissoon/ |
| STATE OF PA; THE ATTORNEY | ) Magistrate Judge Maureen P. Kelly |
| GENERAL OF THE STATE OF | ) |
| PENNSYLVANIA; THE DISTRICT | ) |
| ATTORNEY OF THE COUNTY OF | ) |
| ALLEGHENY, | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Respondents' Motion to Dismiss, ECF No. 9, the

Petition Under Section 2254 for Writ of Habeas Corpus by a Person in State Custody (the

"Petition") be granted and that a certificate of appealability be denied.

## II. REPORT

Edward Hudak ("Petitioner") is a state prisoner who seeks federal habeas relief pursuant to

28 U.S.C. § 2254.  Because the Petition was not filed timely as to two out of the three claims

raised in the Petition, those two claims must be dismissed because they are barred by the

applicable statute of limitations.  As to the sole claim that may not be untimely, i.e., that his

prosecutor was corrupt, the claim was procedurally defaulted and must be dismissed.

## A.  Factual and Procedural History

On July 6, 1990, in the Court of Common Pleas of Allegheny County, Petitioner was

convicted of Rape, Indecent Assault, Burglary, and two counts of Harassment by Communication.

The prosecuting attorney at Petitioner's trial was then Assistant District Attorney Jane Orie.   On

August 31, 1990, Petitioner was sentenced to an aggregate sentence of 6 to 25 years.   Petitioner

filed a direct appeal to the Pennsylvania Superior Court, which was docketed at 1475 PGH 1990,

challenging an evidentiary ruling. The Pennsylvania Superior Court affirmed the judgment of

sentence on July 23, 1991 and the Supreme Court of Pennsylvania denied the Petition for

Allowance of Appeal on January 23, 1992.   On January 13, 1997, Petitioner filed a timely pro se

Petition pursuant to the Post-Conviction Relief Act (the "PCRA Petition"). The PCRA Petition

was denied by Order of Court on April 19, 1999. Petitioner did not file an appeal.

Pursuant to the prisoner mail box rule,[1] Petitioner is deemed to have filed the present

Petition on February 14, 2013, the date on which he mailed the Petition. Petitioner raised three

grounds for relief in the Petition:

> GROUND ONE: Ineffective assistance of counsel. . . .
> My attorney, Jon Botula, said he talked to the judge and it would be best for
> me to go nonjury trial; I never testified.   If in appealing my case to higher courts,
> he never informed me or talked to me.

[ECF No. 3 at 4.]

> GROUND TWO: The unavailability at the time of trial of exculpatory

---

[1] The so called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is
deemed filed at the moment he delivers it to prison officials for mailing to the district court."
Burns v. Morton, 134 F.3d 109, 113 (3d Cir 1998); United States v. Soto, 159 F.Supp.2d 39, 45
(E.D. Pa. 2001).   Absent proof of the exact date of delivering the Petition to the prison
authorities, the court will treat February 14, 2013 (which is the date of the post mark on the
envelope containing Petitioner's Petition) as the filing date. ECF No. 1-1.   Given how late the
Petition is, it is inconsequential if Petitioner delivered the Petition to the prison officials a few
days earlier.

evidence that became available at later date. . . .

      The Prosecuting Attorney, Jane Orie, being found guilty of multiple corruption charges; the appearance of corruption or favoritism connected w[ith] political gains and this corruption or favoritism could have reached through the Judicial branch and infected my trial, my attorney, Jon Botula, and my presiding Judge, Robert E. Dauer.

[Id., at 6.]

      GROUND THREE: My sentence may be in error. . . .
      There was a question to my original sentence.

Id. at 7.

The Respondents filed a Motion to Dismiss, noting that Grounds One and Three are clearly time barred and that Ground Two is meritless. ECF No. 9. Petitioner filed a one page Traverse, which was not substantively responsive. ECF No. 11.

**B. Applicable Legal Standards**

**1. The AEDPA is applicable**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was effective April 24, 1996. Because the Petition at issue was filed in the year 2013, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

**2. Statute of Limitations**

Although a habeas respondent has the burden to plead affirmatively the AEDPA's statute of limitations, Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002), it is appropriate, where, as here, the habeas petitioner has been put on notice of a statute of limitations defense, to place some burden on him to show why the statute of limitations has not run. See, e.g., Smith v. Duncan,

297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response"), *abrogation on other grounds recognized in*, Moreno v. Harrison, 245 F. App'x 606 (9th Cir. 2007); Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.").   As explained below, Petitioner fails to carry his burden to show why his Petition is not untimely.

### C.   Discussion

#### 1.   Statute of Limitations as to Grounds One and Three

The Respondents contend that the Petition is untimely as to Grounds One and Three because those Grounds were available to Petitioner prior to his conviction becoming final and the Petition was not filed within one year of Petitioner's conviction becoming final.[2]   The Respondents are correct.   As applicable here, the AEDPA requires a Section 2254 habeas petition to be brought within one year after the conviction becomes final.   28 U.S.C. § 2244(d).[3]

---

[2]  For purposes of counting the running of the AEDPA's one year statute of limitations, "year" means 365 days.   See Douglas v. Horn, 359 F.3d 257 (3d Cir. 2004); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.   2001); Stokes v. Miller, 2000 WL 640697, at *2 (S.D.N.Y. May 18, 2000).

[3]  Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002) ("Because Jackson did not assert that a government-created impediment to his filing existed, that he based his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through due diligence before the filing of this petition, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final.").

Petitioner was convicted on July 6, 1990, and his judgment of conviction did not become final until 90 days after the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal, i.e., 90 days after January 23, 1992 which is April 23, 1992. See Kapral v. United States, 166 F.3d 565, 577 (3d 1999); Burns v. Morton, 134 F.3d 109, 111-12 (3d Cir. 1998). Because Petitioner's conviction became final before the effective date of the AEDPA, Petitioner had one year after the effective date of the AEDPA (the AEDPA was effective April 24, 1996), in which to file his federal habeas petition. See Burns v. Morton, 134 F.3d at 111 (establishing a one year grace period after the AEDPA's enactment). One year after April 24, 1996 is April 24, 1997. Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005) (applying Fed.R.Civ.P. 6 to calculate the end of the one year grace period after the AEDPA's enactment and determining it to be April 24, 1997 and not April 23, 1997). We shall refer to this one year period after the enactment of the AEDPA as the "one year grace period."[4]

A properly filed PCRA Petition that is filed and/or pending as of April 24, 1996 tolls the running of the one year grace period, see 22 U.S.C. § 2244(d)(2); Mines v. Vaughn, 96 F. App'x 802 (3d Cir. 2004). However, Petitioner did not file his PCRA Petition until January 13, 1997. Hence, on that date the running of the one year grace period would have stopped. Accordingly, between April 24, 1996 (the date the AEDPA was enacted and the one year grace period started to run) and January 13, 1997 (the date on which Petitioner filed his PCRA petition and the running of the one year grace period was tolled), a total of 264 days out of the 365 day one year grace

---

[4] Respondents miscalculate when Petitioner's conviction became final. ECF No. 9 at 4, ¶ 12. Rather than properly calculating the date the conviction became final, Respondents assert that Petitioner's conviction became final 30 days after the PCRA trial court denied Petitioner's PCRA Petition, given that Petitioner did not file an appeal. Respondents confuse when Petitioner's conviction became final with the date when the tolling of the one year grace period ceased.

period was used up, leaving Petitioner with only 101 days in which to timely file his habeas

Petition.   The one year grace period continued to be tolled during the pendency of the PCRA

Petition in the state courts only until May 19, 1999, which is thirty days after April 19, 1999, the

date on which the PCRA trial court denied the PCRA petition, given the fact that Petitioner did

not file an appeal to the Pennsylvania Superior Court from the PCRA trial court's denial of relief.

See Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000) (the one year limitation period continues

to be tolled during the period permitted by state law for the taking of a timely appeal from the

denial of post-conviction relief even if no appeal is taken).   Accordingly, the one year grace

period started to run again on May 20, 1999 and ran out 101 days later, which is August 29, 1999.

Petitioner is not deemed to have filed the instant Petition until February 14, 2013, which is

more than thirteen years after the one year grace period ran out.   Hence, the Petition is untimely

as to Grounds One and Three, given that these two claims arose prior to the time Petitioner's

conviction had become final.   Fielder v. Varner, 379 F.3d 113, 118 (3d Cir.2004) (finding that

the AEDPA statute of limitations should be applied on a claim-by-claim basis).

Nothing that Petitioner argues in his Traverse persuades the Court that these two claims

are timely filed.   Hence, as to Grounds One and Three, they should be dismissed as time barred.

### 2. Ground Two is Procedurally Defaulted

The sole claim that may not be untimely is Ground Two. i.e., the claim that because Jane

Orie who was the prosecutor at Petitioner's trial was found guilty on March 26, 2012, of, *inter*

*alia*, forgery and tampering with evidence, that Petitioner's trial, which occurred some 22 years

earlier, was somehow tainted.   As Respondents point out, Petitioner never raised this claim in

state court and thus, the claim is unexhausted and given the statute of limitations for filing PCRA

petitions has now expired as to this claim of newly discovered evidence (assuming such a discovery constitutes newly discovered evidence within the contemplation of the PCRA statute), this claim is also procedurally defaulted as Respondents point out.

Nothing that Petitioner raises in his Traverse overcomes the procedural default of this claim and accordingly, Ground Two should be denied as being procedurally defaulted. See, e.g., Smith v. Vaughn, NO. CIV. A. 96-8482, 1997 WL 338851, at *5 (E.D. Pa. June 17, 1997) ("Thus, because petitioner has not made any allegations or presented any evidence demonstrating cause and prejudice for his default or demonstrating that failure to consider count XI would result in a fundamental miscarriage of justice, the court cannot grant federal habeas review of count XI.").

Hence, having failed to show "cause", the only other avenue of overcoming the procedural default doctrine is for Petitioner to show a fundamental miscarriage of justice.   In order to establish a miscarriage of justice, the Petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent.   Werts v. Vaughn. Petitioner fails to demonstrate a miscarriage of justice as is his burden. See, e.g., Simpson v. Sparkman, 172 F.3d 49 (Table), 1998 WL 869967, at *4 (6th Cir. 1998)("Therefore, the burden is on the defendant at this stage to make 'a colorable showing of factual innocence' in order to be entitled to the 'fundamental miscarriage of justice' exception").   Indeed, on this record, Petitioner simply cannot establish that a fundamental miscarriage of justice would occur if this Court did not entertain his claim concerning the former prosecutor.   Accordingly, Petitioner has procedurally defaulted this Ground and no exception to the procedural default doctrine being established, this Ground cannot form the basis of any relief in this habeas proceeding.

**D. Certificate of Appealability**

Section 2253 of Title 28 U.S.C. generally governs appeals from District Court orders regarding Section 2254 habeas petitions.   Section 2253 essentially provides in relevant part that a certificate of appealability, which is a prerequisite for allowing an appeal to a Court of Appeals, should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253 (C)(2).   There is a difficulty in applying Section 2253(C)(2) when the District Court does not decide the case on the merits, i.e., declines to address questions of constitutional violations, but instead decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.   See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).   Hence, the Court in Slack instructed that the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack, 529 U.S. at   484-85.   The test is conjunctive and both prongs must be met.   See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of Petitioner's two claims as being time barred and his third claim as being procedurally defaulted was correct.   Accordingly, a certificate of appealability should be denied.

**III. CONCLUSION**

Because Petitioner could have raised Grounds One and Three in an earlier Section 2254 habeas petition since the claims were available to him at the time of his conviction and

sentencing, which occurred in 1990 and because he waited until February 14, 2013 to file the present Petition, these two Grounds are clearly time barred and must be dismissed as such.   As to Ground Two concerning Jane Orie's conviction somehow tainting Petitioner's trial, the Ground was not raised in state court and thus is procedurally defaulted for federal habeas purposes and must be dismissed as such. Accordingly, the Respondents' Motion to Dismiss should be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.   Failure to timely file objections will waive the right to appeal.   Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).   Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

<div style="margin-left:40%">

Respectfully submitted,

*s/Maureen P. Kelly*
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

</div>

Dated: July 24, 2013

cc:     The Honorable Cathy Bissoon
        United States District Judge

        EDWARD HUDAK
        BI-0265
        SCI Coal Township
        1 Kelley Drive
        Coal Township, PA 17866-1021

        All Counsel of record via CM-ECF